## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTH DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JARIUS BARNES, and<br>JERIMIAH BARNES, | ) ) ) | |
| PLAINTIFFS, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: |
| AQUARAMA POOLS, SPAS &<br>SERVICES, INC.,<br>KAREN SHEARER, and<br>SANDY HUBBS, | ) ) ) ) ) | |
| DEFENDANTS. | ) ) ) | JURY TRIAL REQUESTED |

## **COMPLAINT**

NOW COME Plaintiffs, Jarius Barnes and Jerimiah Barnes, and hereby file this complaint pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") and Federal Rule of Civil Procedure 15, seeking payment for unpaid wages, overtime wages, liquidated damages, actual damages, compensatory damages, for Defendants' violation of the FLSA.  Plaintiffs further seek reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b).  Plaintiffs state as follows:

## I.      JURISDICTION AND VENUE

### 1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the laws of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

### 2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

### 3.

AquaRama Pools, Spas & Service, Inc. (hereinafter "AquaRama") is a domestic for-profit corporation existing under the laws of the State of Georgia with its principal place of business located at 565 Powder Springs Street, Marietta, Georgia 30064.

### 4.

Service of process for AquaRama can be effectuated through its Registered Agent, Bennett J. Frye, Sr., at 565 Powder Springs Street, Marietta, Georgia 30064.

5.

Based upon Plaintiff's information and belief, Defendant, Karen Shearer ("Shearer"), is an adult resident citizen of Cobb County Georgia.

6.

Ms. Shearer is a person who acted directly or indirectly in the interest of an employer in relation to the Plaintiff as defined by 29 U.S.C. 203(d).  Specifically, Ms. Shearer made employment and compensation decisions related to the Plaintiffs.

7.

Based upon Plaintiff's information and belief, Defendant, Sandy Hubbs ("Hubbs"), is an adult resident citizen of Cobb County Georgia.

8.

Hubbs is a person who acted directly or indirectly in the interest of an employer in relation to the Plaintiff as defined by 29 U.S.C. 203(d).  Specifically,. Hubbs made employment and compensation decisions related to the Plaintiffs.

9.

The cause of action set forth in this Complaint arose within this jurisdiction.

## II.   PARTIES

10.

Plaintiff Jarius Barnes ("Plaintiff Jarius") is an adult resident citizen of Cobb County, Georgia.

11.

Plaintiff Jerimiah Barnes ("Plaintiff Jerimiah") is an adult resident citizen of Cobb County, Georgia.

12.

At all times relevant to this Complaint, Plaintiffs were "covered employee" as defined by 29 U.S.C. §203(e)(1).

13.

At all times relevant, Defendants employed the Plaintiffs to perform labor for their benefit and made employment and compensation related decisions regarding the Plaintiffs in this District.

14.

At all times relevant hereto, Plaintiffs suffered and/or were permitted to work for the benefit of the Defendants.

15.

Defendant, AquaRama, lists its principal address as 565 Powder Springs Street, Marietta, Georgia 30064.

16.

Defendant Shearer is a resident Cobb County, Georgia.

17.

Defendant Shearer is the owner of AquaRama. At all times relevant to this Complaint, Shearer served as a supervisor, managing the day-to-day operation of the business, has responsibility for the supervision of the employees, has hiring and firing authority, makes compensation decision, and sets and enforces compensation and related policies for Aqua Rama.

18.

Defendant Hubbs is a resident of Cobb County, Georgia.

19.

Defendant Hubbs is the General Manager of AquaRama. At all times relevant to this Complaint, Hubbs served as a supervisor, managing the day-to-day operation of the business, has responsibility for the supervision of the employees, has hiring and firing authority, makes compensation decision, and sets and enforces compensation and related policies for AquaRama.

20.

Defendant AquaRama is a for profit business which advertises itself as having over 50 years of experience in pool and spa construction and renovation, repairs, maintenance and a full retain and design center.

21.

Defendants are engaged in interstate commerce for purposes of the FLSA.

22.

At all times material to this action, the AquaRama was an enterprise engaged in commerce or in the production of goods for commerce as defined by §203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

23.

Defendants directed Plaintiffs to individually engage in interstate commerce.

24.

Plaintiffs, as part of their job duties, regularly engaged in interstate commerce.

25.

Defendants are an employer within the meaning of 29 U.S.C. §203(d) and are not exempt from the FLSA.

### III.   FACTUAL ALLEGATIONS

26.

Plaintiff Jarius Barnes, is an adult resident of the State of Georgia.  Plaintiff Jarius was employed by Defendants from November, 2014 through December 6, 2017.

27.

Plaintiff Jerimiah Barnes, is an adult resident of the State of Georgia. Plaintiff Jerimiah was employed by Defendants from June, 2016 through December 7, 2017.

28.

Defendants classified Plaintiffs as nonexempt full-time employees, electing to pay them on an hourly basis at the rate of $11 per hour.

29.

As a technicians, Plaintiffs would travel to different customers' homes and provide services such as maintenance and cleaning.   During a typical day, Plaintiffs would travel to several different customer homes to perform services. Plaintiffs would perform services and contact the Company by phone for support, in the event that he was unable to resolve an issue or required any other support.

30.

In the performance of these duties, Plaintiffs consistently worked in excess of forty (40) hours per week, working at times twelve (12) to thirteen (13) hours per day.

31.

Plaintiffs were required to submit the hours worked for the Company each week.

32.

Despite reporting these hours to the Defendants, the Defendants failed to pay the overtime premium for those hours worked in excess of forty (40) per week. In other words, the Defendants only paid the regular rate for all hours worked.

33.

Additionally, the Defendants also had a practice for deduction for meal breaks in one-hour increments, regardless of whether Plaintiffs actually took a meal break.

34.

Plaintiffs, in fact, rarely took meal breaks, as they ate while traveling in between customer locations.

35.

Even after Plaintiffs raised this concern with the Defendants, the response was simply it was the Defendants' policy to do so.

36.

The Defendants knowingly and willfully failed to compensate Plaintiffs by failing fully compensate them for their straight time wages as well as their overtime wages for hours worked in excess of forty (40) hours.

37.

As hourly nonexempt employees, Plaintiffs were entitled to full pay for each hour worked.

38.

During the tenure of their employment, Plaintiffs at times routinely worked in excess of forty (40) hours per week.  For each week worked during times relevant to this Complaint, Plaintiffs have worked substantial over forty (40) hours that were not compensated.

39.

The Defendants engaged in a practice of improperly compensating Plaintiffs for all hours work as straight time.

40.

Defendants further failed to compensate Plaintiffs when they were required to work during their uncompensated meal breaks, even though Plaintiffs worked during the meal break and were not otherwise free from work.

41.

The Defendants deducted for meal breaks and otherwise reduced the hours worked during each and every workweek relevant to this Complaint, which resulted in substantial unpaid wages, both at the straight time rate and at the overtime rate.

42.

The Defendants did not ensure that Plaintiffs were completely relieved of their work duties during the uncompensated meal breaks.  Plaintiffs either missed their meal break completely or only received a partial meal break on account of the need to drive to different customers.

43.

Plaintiffs complained about not being compensated for all hours worked to their manager on multiple occasions.

44.

In response, the Defendants instructed Plaintiffs to continue to work through the meal period and that it was just policy to deduct for the time.

45.

Defendants have willfully failed to comply with the minimum wage provisions of the FLSA, 29 U.S.C. §206, specifically, by failing to pay Plaintiffs for all hours worked.

46.

Defendants have failed to keep accurate time records for the Plaintiffs in conformity with the FLSA.

47.

Defendants have created a false record of the true hours worked by manipulating the time records.

48.

Upon information and belief, Defendants have negligently, intentionally and repeatedly manipulated its records to reflect Plaintiff was working less hours then actually worked.

49.

Defendants have failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

50.

Defendants knowingly, intentionally, willfully and recklessly failed to pay the Plaintiffs in conformity with the requirements of the FLSA.

51.

This action is brought to recover unpaid compensation, in the form of wages and commissions, for hourly employee, who performed work involving interstate commerce and/or work for an enterprise engaged in interstate commerce without being paid for it and/or without being paid the premium for hours worked in excess of forty (40) per week.

52.

As a result of the Defendants' violation of the FLSA, Plaintiffs have suffered damages by failing to receive compensation due in accordance with the FLSA, resulting in substantial unpaid regular wages and overtime wages.

52.

53.

Plaintiffs are entitled to the amount of unpaid wages and are also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment and post judgment interest.

54.

Defendants have not made a good faith effort to comply with the FLSA.

55.

Plaintiffs are entitled to an award of attorneys' fees under the FLSA.

56.

Plaintiffs have no plain, adequate or complete remedy to redress the allegation contained herein and this suit for lost wages, back-pay, and declaratory judgment and injunctive relief is the only avenue to secure adequate relief.

57.

The Defendants knowingly and willfully failed to compensate Plaintiffs by failing fully compensate them for their straight time wages as well as their overtime wages for hours worked in excess of forty (40) hours.

58.

Defendants have willfully failed to comply with the overtime provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiffs for the straight time rate and the premium overtime rate for all hours suffered, including those hours suffered over forty (40) hours.

59.

Defendants have willfully failed to comply with the provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiffs for all hours worked.

60.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have had a uniform policy and practice of consistently failing or refusing to fully compensate its employees for all time worked, including not receiving the straight time wages and overtime premium wages and have also improperly deducted sums from employees' wages.

61.

For at least three (3) years, Defendants have been aware of the requirements of the FLSA, the Department of Labor's regulations, and its own violations of the FLSA. Despite this knowledge, Defendants failed to pay Plaintiffs the amount of pay as required by law.

62.

As a result of the Defendants' violation of the FLSA, Plaintiffs have suffered damages by failing to receive compensation due in accordance with the FLSA.

63.

Plaintiffs are entitled to the amount of unpaid wages and are also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

## IV.   COUNT ONE: - FAILURE TO PAY STRAIGHT AND OVERTIME WAGES

64.

Plaintiffs incorporate by reference paragraphs 1 – 63 as if fully set forth herein.

65.

Plaintiffs, as a non-exempt employee of Defendants, were entitled to be paid straight time for all hours worked and overtime for each hour worked in excess of forty (40) hours per week.

66.

The Defendants have willfully failed to compensate Plaintiffs for all hours suffered including both the straight time hours and overtime hours worked during his employment.

67.

Defendants, by such failure, have willfully violated the wage and overtime provisions of the FLSA.

**WHEREFORE**, Plaintiffs pray that this Honorable Court enter judgment in favor for:

A.   Payment of all wages Plaintiffs should have received under the FLSA, but for Defendants' willful violation;

B.   Payment of an equal amount of liquidated damages pursuant to the FLSA;

C.   Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.   All reasonable costs and attorneys' fees pursuant to the FLSA.

## V.    COUNT TWO: TIME SHAVING

68.

Plaintiffs incorporate by reference paragraphs 1 – 67 as if fully set forth herein.

69.

Defendants willfully failed to compensate Plaintiffs for all time worked.

70.

Defendants have failed to keep adequate records of all time worked by Plaintiffs and have manipulated the hours worked.

71.

Defendants have willfully and knowingly violated the provisions of the FLSA.

**WHEREFORE**, Plaintiffs pray that this Honorable Court enter judgment in favor for:

A.    Payment of all wages Plaintiffs should have received under the FLSA, but for Defendants' willful violation;

B.    Payment of an equal amount of liquidated damages pursuant to the FLSA;

C.     Such other legal and equitable relief including but not limited to, any

injunctive and/or declaratory relief, to which they may be entitled; and

D.     All reasonable costs and attorneys' fees pursuant to the FLSA.

## VI.  COUNT THREE: RETALIATION 29 U.S.C. §215(a)(3).

72.

Plaintiffs incorporate by reference paragraphs 1 – 71 as if full set forth herein.

73.

During the course of his employment with Defendants Plaintiffs made complaints to the Defendant regarding overtime pay and meal break deductions.

74.

Oral complaints to an employer regarding wages and other provisions under the FLSA constitute protected active pursuant to the FLSA.

75.

Informal written complaints to an employer regarding wages and other provision under the FLSA constitute protected active pursuant to the FLSA.

76.

Within a short proximity of time to Plaintiffs' engaging in protected activity, Plaintiffs were subjected to retaliation and were ultimately terminated.

77.

Other similarly situated employees, who had not engaged in protected activity pursuant to the FLSA, were not subjected to similar actions by the Defendants, thus Plaintiffs were subjected to disparate treatment.

78.

Pursuant to 29 U.S.C. §215(a)(3), Defendants are prohibited from discriminating against Plaintiffs for engaging in protective activity pursuant to the FLSA.

79.

Plaintiff has suffered and continues to suffer grave and sever mental anguish and emotional distress, loss of wages, loss of pay and other actual damages on account of the Defendants' actions.

**WHEREFORE** Plaintiffs pray for the following relief:

A.    Actual damages, including reimbursement for lost wages and back pay;

B.    Future wages for loss of income;

C.    Prejudgment and Post Judgment interests;

D.    Liquidated damages pursuant to 29 U.S.C. 216 (b);

E.   Compensatory damages including mental anguish and emotional distress;

F.   Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and all reasonable costs and attorneys' fees pursuant to the FLSA.

Respectfully submitted, this 9th day of April, 2018.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

*/s/ Christopher D. Vaughn_____*
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
Frank DeMelfi, Esq.
Georgia Bar No. 320128
A. Brian Henson, Esq.
Georgia Bar No. 747269

315 West Ponce de Leon Avenue
Suite 380
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTH DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JARIUS BARNES AND | ) | |
| JERIMIAH BARNES, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| AQUARAMA POOLS, SPAS & | ) | |
| SERVICES, INC., | ) | |
| KAREN SHEARER AND | ) | |
| SANDY HUBBS | ) | |
| | ) | JURY TRIAL REQUESTED |
| DEFENDANTS. | ) | |
| _____ | ) | |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D

The undersigned certifies that the foregoing **COMPLAINT** has been prepared using 14-point Times New Roman font in compliance with Local Rule 5.1(C).

Respectfully submitted this 9th day of April, 2018.

**THE VAUGHN LAW FIRM, LLC**

*/s/ Christopher D. Vaughn*
Christopher D. Vaughn
Georgia Bar No. 726226